**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, | ) | |
| Plaintiff, | ) | No. 01-46C, 01-251C, 01-416C |
| v. | ) | (Judge Allegra) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COMPLAINT (CASE NO. 01-416C)**

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in the first paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2a. The allegations contained in the second paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegation contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the published factors cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise asserts that the allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they constitute allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The reference in paragraph 17 to plaintiff's alleged compliance with the contract is a conclusion of law to which no answer is required; admits the allegations contained in paragraph 17 that the United States Department of Housing and Urban Development ("HUD") has denied retroactive rent adjustments for

the year 1995, and the years 1997 through 1999; denies the allegations contained in paragraph 17 that HUD has refused to make retroactive rent adjustments for the year 1996, and the years 2000 and 2001; the remaining allegations contained in paragraph 17 are conclusions of law to which no answer is required; to the extent they constitute allegations of fact, they are denied.

18. Denied.

19. Denied.

20. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" and "In addition" paragraphs immediately following paragraph 19, or to any relief whatsoever.

21. Denies each and every allegation not previously admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's claims for rent adjustments are barred by operation of 42 U.S.C.A. § 1437f(c)(2)(A) (West Supp. 2000), by the doctrines of legal impossibility and unmistakability.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0290
Facsimile: (202) 514-8624

CHARLES W. WILLIAMS
Office of the
Assistant General Counsel
U.S. Department of Housing and
Urban Development
OF COUNSEL

Attorneys for Defendant

October 17, 2003

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2003, a copy of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (CASE NO. 01-416C) was filed electronically. I understand that notice of this filing will be sent by all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Andrew P. Averbach
Andrew P. Averbach