**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 01-46C, 01-251C, 01-416C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND**
**PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

1. On January 15, 1979, CMHA and the United States Department of Housing and Urban Development ("HUD or Defendant") entered into a housing assistance payment ("HAP") contract for CMHA's Quarrytown Tower Apartments ("Quarrytown HAP Contract").

Defendant agrees.

2. A true and accurate copy of the Quarrytown HAP Contract is attached to the Quarrytown Complaint as Exhibit A.

Defendant agrees that there are no material differences between Exhibit A to the Quarrytown Complaint and the copy of the Quarrytown contract contained in HUD's Quarrytown file.

3. On May 1, 1979, CMHA and HUD entered into a HAP contract for CMHA's Severance Towers Apartments ("Severance HAP Contract").

Defendant agrees.

4. A true and accurate copy of the Severance Contract is attached to the Defendant's Appendix 48.

Defendant disagrees. There are no material differences between Exhibit A to the Severance Complaint and the copy of the Severance contract contained in HUD's Severance file. However, HUD's copy of the contract indicates that the original Severance contract rent was amended from $306 to $299. Defendant's Appendix In Support Of Opposition To Plaintiff's Motion For Summary Judgment And Defendant's Cross-Motion For Summary Judgment With Respect To Damages ("Def. App.") at 48.

5. On August 15, 1978, CMHA and HUD entered into a HAP contract for CMHA's Ambleside Tower Apartments.

Defendant agrees.

6. A true and accurate copy of the Ambleside Contract is attached to the Ambleside Complaint as Exhibit A.

Defendant agrees that there are no material differences between Exhibit A to the Ambleside Complaint and the copy of the Ambleside contract contained in HUD's Quarrytown file.

7. Pursuant to the application of the Government's published automatic annual adjustment factors (AAAFs), the contract rent for the Quarrytown Tower Apartments ("Quarrytown") increased from its original contract rent of $310 in 1979 to $560 in 1994. The Initial Difference for Quarrytown was $62.

Defendant agrees.

8. Pursuant to the application of the Government's published AAAFs, the contract rent for the Severance Tower Apartments ("Severance") increased from its original contract rent of $306 in 1978 to $572 in 1994. The Initial Difference for Severance was $61.

Defendant agrees, except that the original Severance contract rent was amended from $306 to $299 in 1979. Def. App. at 48.

9. Pursuant to the application of the Government's published AAAFs, the contract rent for the Ambleside Tower Apartments ("Ambleside") increased from its original contract rent of $306 in 1978 to $575 in 1994. The Initial Difference for Ambleside was $60.

Defendant agrees.

10. Since 1994, the AAFs published by the Government for the years 1995 through 2001 are as follows:

| Year | Non-Turnover Units | Turnover Units |
|---|---|---|
| 1995 | 1.018 | 1.028 |
| 1996 | 1.008 | 1.018 |
| 1997 | 1.013 | 1.023 |
| 1998 | 1.020 | 1.030 |
| 1999 | 1.024 | 1.034 |
| 2000 | 1.033 | 1.043 |
| 2001 | 1.003 | 1.013 |

Defendant agrees.

11. Comparable rents for Quarrytown, Severance and Ambleside for anniversary years 1995-2001 are as follows:

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 1995 | n/a | n/a | n/a |
| 1996 | $395 | n/a | n/a |
| 1997 | $405 | $490 | $530 |
| 1998 | $430 | $525 | $570 |
| 1999 | $440 | $550 | $590 |
| 2000 | $470 | $570 | $610 |

| | | | |
|---|---|---|---|
| 2001 | n/a | n/a | $620 |

These Comparable rents are based upon Comparable Rent Surveys for Quarrytown, Severance and Amleside prepared by Richard Racek of Calabrese, Racek and Markos, Inc., Real Estate Services, attached hereto as Tabs 1, 2, and 3, respectively.

Defendant agrees.

12. Comparable Rents when added to the Initial Difference result in the following sums for Quarrytown, Severance and Ambleside for anniversary years 1995-2001:

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 1995 | $447 | n/a | n/a |
| 1996 | $457 | n/a | n/a |
| 1997 | $467 | $551 | $590 |
| 1998 | $492 | $586 | $630 |
| 1999 | $502 | $611 | $650 |
| 2000 | $532 | $631 | $670 |
| 2001 | n/a | n/a | $680 |

Defendant agrees, except defendant believes that, consistent with the table in proposed finding #11, the 1995 Quarrytown entry should read "n/a."

13. For all the years in question, so long as the adjustment of Contract Rents by the AAAF does not exceed 120% of the sum of Comparable Rent plus the Initial Difference, the adjustment does not result in a Material Difference and does not exceed the Overall Limitation in the HAP Contracts. See HUD Memo dated January 14, 1986 attached as Appendix 1 to Plaintiff's Motion for Summary Judgment.

Defendant disagrees with this proposed finding, which is more accurately characterized as a proposed finding of law, for the reasons stated in its brief. Specifically, HUD has determined that a material difference exists whenever the sum of comparable rents and the initial difference exceeds the adjusted rents. In addition, the 1986 memorandum that plaintiff contends is the source of the definition of material difference provides for an alternate scenario under which a material difference will be found to exist, and, as set forth at paragraphs 4 through 14 of the Declaration of Dennis G. Morton (Def. App. at 210-14), that scenario is satisfied with respect to each of Cuyahoga's properties.

14. The sum of Comparable Rent and additional Difference when multiplied by 120% result in the following sums for Quarrytown, Severance and Ambleside for anniversary years 1995-2001.

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 1995 | n/a | n/a | n/a |
| 1996 | $576 (agreed) | $582 (agreed) | $585 (agreed) |
| 1997 | $560 (lower than previous year figure) | $661 | $708 |
| 1998 | $590 | $703 | $756 |
| 1999 | $602 | $733 | $780 |
| 2000 | $638 | $757 | $804 |
| 2001 | n/a | n/a | $816 |

Defendant agrees.

15. The sums listed in Proposed Finding 14 constitute the Overall Limitation of Contract Rent pursuant to the HAP Contracts for anniversary years 1996-2001, unless they are

lower than the previous year, in which event the previous year's figure constitutes the Overall Limitation for that year.

Defendant disagrees with this proposed finding, which is more accurately characterized as a proposed finding of law, for the reasons stated in response to finding 13. The overall limitation precludes the existence of a material difference, and HUD has defined a material difference to be an amount that exceeds the sum of comparable rent and the initial difference. Defendant also disagrees with the assertion of law that the fact that the 1997 Quarrytown "comparable plus initial difference" amount is less than the amount for the previous year means that the previous year's overall limitation is applicable.

16. HUD has agreed to adjust the Contract Rent for Quarrytown for 1995 to $576 and to adjust the Contract Rent for Ambleside for 1996 to $582 and $585 respectively. CMHA has agreed to accept those rets as a full adjustment for those years.

Defendant agrees.

17. The steps in annually adjusting Contract Rents are:

(a) apply the turnover automatic adjustment factors in Proposed Finding 10 to the agreed Contract Rents for 1995 and for 1996 for Severance and Ambleside;

(b) determine whether the resulting amount exceeds the corresponding figure in the Table in Proposed Finding 1. If it does not exceed this figure, use the resulting amount; if it does exceed, use the figure from the table in Proposed Finding 14, unless same is less than the figure in the prior year in the table set forth in Proposed Finding 15. In the latter event, use the prior year's figure;

(c) apply the appropriate factor for each year thereafter to the Cntract Rent determined for the prior year;

(d) follow the same procedure as set forth in (b) for amounts calculated in (c).

Defendant disagrees with this proposed finding, which is more accurately characterized as a proposed finding of law, because plaintiff is not entitled to adjustments that were not timely submitted and because the table in proposed finding 14 does not accurately reflect the overall limitation. In addition, defendant disagrees with the use, except where actually warranted, of the "turnover" adjustment factor, because the Court has not determined that HUD's distinction between turnover units and non-turnover units constitutes a breach of plaintiff's contracts.

18. The following table represents the Contract Rents calculated pursuant to the steps forth in Proposed Finding 17:

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 1995 | $576 | n/a | n/a |
| 1996 | $576 | $582 | $585 |
| 1997 | $576 | $595 | $599 |
| 1998 | $590 | $613 | $617 |
| 1999 | $602 | $634 | $638 |
| 2000 | $628 | $661 | $665 |
| 2001 | n/a | n/a | $674 |

Defendant disagrees with this proposed finding because plaintiff is not entitled to rent adjustments for the time periods in question, and because the table is based on a flawed formula, for the reasons stated above. To the extent any recalculation of the rents is warranted, such

recalculations would be subject to the following overall limitations, which reflect the sum of comparable rents and the initial difference for each year:

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 1995 | $447 | $532 | $560 |
| 1996 | $457 | $531 | $575 |
| 1997 | $467 | $551 | $590 |
| 1998 | $492 | $586 | $630 |
| 1999 | $502 | $611 | $650 |
| 2000 | $532 | $631 | $670 |
| 2001 | n/a | n/a | $680 |

19. The amounts in the table in Proposed Finding 17 represent the Contract Rents properly adjusted by the appropriate AAAF, subject to the overall limitation that such adjustment will not result in a Material Difference between the adjusted rent and rent for comparable unassisted units plus the Initial Difference. No Contract Rent has been reduced for the years in question.

Defendant disagrees with this finding for the reasons stated above, except that it agrees that plaintiff has not reduced any contract rents for the years in question.

20. Pursuant to the agreement of counsel, HUD has adjusted the Contract Rents to the sums listed below or the following years without prejudice to CMHA's further claims as to those years:

| Year/Project | Quarrytown | Severance | Ambleside |
|---|---|---|---|
| 2000 | n/a | $601 | $604 |
| 2001 | n/a | n/a | $606 |

Defendant agrees.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0290
Facsimile: (202) 514-8624

OF COUNSEL
CHARLES W. WILLIAMS
Office of the Assistant General Counsel
United States Department of Housing and Urban Development

February 3, 2004

Attorneys for Defendant