# In the United States Court of Federal Claims

Nos. 01-46C, 01-251C, 01-416C

(Filed: April 26, 2004)

---

| | |
|---|---|
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | * Cross-motions for summary judgment;<br>* Motion to strike declaration; RCFC 56(e);<br>* Rule 701 of the Federal Rules of<br>* Evidence; Opinion regarding comparable<br>* rents by lay witness (government<br>* employee); Opinion not "rationally based<br>* on the perception of the witness";<br>* Conclusions based on "scientific,<br>* technical or other specialized<br>* knowledge"; Motion to strike granted. |

---

**ORDER**

---

In this case, the Cuyahoga Metropolitan Housing Authority (plaintiff) entered into a series of contracts with the Department of Housing and Urban Development (HUD) to provide low-income housing under the United States Housing Act of 1937. On September 22, 2003, this court concluded that plaintiff's rights under these contracts were breached when, *inter alia*, Congress, in 1994, amended the Housing Act to alter how rent subsidies were to be determined. *See Cuyahoga Metro. Hous. Auth. v. United States*, 57 Fed. Cl. 751 (2003). Since that decision, the parties have filed cross-motions for summary judgment, focusing on damage issues.

On March 5, 2004, plaintiff moved to strike the declaration of Dennis G. Morton, which was included as an attachment to defendant's February 2, 2004, cross-motion/response to plaintiff's motion for summary judgment. Mr. Morton is employed by HUD as the Director of the Cleveland Multifamily Program Center and, in that capacity, is responsible for oversight of the assistance payments made by HUD with respect to the units at the properties in question. His declaration asserts that the proposed adjusted rent sought by plaintiff exceeds the amounts needed to operate comparable projects, an assertion that defendant relies upon in rejecting plaintiff's damage calculations. According to the declaration, in order to reach this conclusion, Mr. Morton asked colleagues in his office (who he asserts were not aware of the reason for his inquiry) to provide him with a list of HUD-assisted projects in the Cleveland metropolitan area that would be considered "comparable" based on building type, size, date of completion and location. His colleagues selected nine such buildings (some from Cleveland and its suburbs, others from as far away as the Akron and Canton, Ohio). According to the declaration, Mr. Morton and his colleagues then together extrapolated operating expenses for each of the

comparable buildings, determined the debt service for the individual projects, and performed various other calculations to determine the amount allegedly needed to operate the comparable properties.

Plaintiff objects to Mr. Morton's declaration on the grounds that it violates RCFC 56(e), which provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In particular, plaintiff asserts that the declaration would be inadmissible as evidence under Rule 701 of the Federal Rules of Evidence, which, as amended in 2000, requires that a lay witness's opinion be: "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Plaintiff argues that, because the properties Mr. Morton used to determine operating costs were selected by his co-workers, Mr. Morton's opinion is not based entirely on his own personal perceptions, thereby violating Federal Rule of Evidence 701(a). It also asserts that Mr. Morton's declaration would be inadmissible as lay testimony because it is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702" as prohibited by Federal Rule of Evidence 701(c). For its part, defendant argues that Mr. Morton has personal knowledge of the properties selected by his coworkers and thus knows independently that they are comparable to those owned by plaintiff. Defendant, however, does not address whether Mr. Morton's declaration is based on "scientific, technical, or other specialized knowledge." Nor does it suggest that Mr. Morton has been listed as an expert in this case or should be treated as such within the meaning of Federal Rule of Evidence 702, so as thereby to render his observations admissible notwithstanding Rule 701.

The court concludes that plaintiff's objections are well-taken. First, it appears from the face of the declaration that all the information contained therein is not "rationally based on the perception of the witness." The quoted portion of the rule, of course, is "no more than a restatement of the traditional requirement that most witness testimony be based on first-hand knowledge or observation." Weinstein's Federal Evidence § 701.03[1]; *see also* Fed. R. Evid. 602; *United States v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002); *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992). While defendant contends that Mr. Morton was familiar with the properties selected for his study, the fact remains that he allowed others on his staff to make the threshold determination of what properties were most comparable to those at issue and apparently allowed those staff to perform calculations that he later relied upon in his declaration. Thus, by Mr. Morton's own admission, it appears that he did not have the requisite, first-hand personal knowledge required by Rule 701. *See DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685-86 (5th Cir. 2003) (lay witness could not testify regarding lost profits based on information received from third parties); *United States v. Olender*, 338 F.3d 629, 637-38 (6th Cir. 2003) (lay testimony based upon information supplied by witnesses inadmissible under Rule 701, noting that "firsthand knowledge or observation is essential"); *Baumgart v. Transoceanic Cable Ship Co.*, 2003 WL 22520034 at * 2 (S.D.N.Y. Nov. 7, 2003) (lay witness study of wage and benefits not admissible under FRE 701 where based on information supplied by third parties); *see also Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 299 (3d Cir. 1991) (testimony of lay witness

properly excluded under prior version of FRE 701, where based upon information supplied by third parties). This finding alone disqualifies his declaration.[1]

But, assuming *arguendo* that his declaration could be viewed as meeting the personal knowledge requirement of Rules 701(a), the court believes that Mr. Morton, nonetheless, based his conclusions on "scientific, technical, or other specialized knowledge within the scope of Rule 702." The Advisory Committee explained that the purpose of this component of Rule 701 is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee's Notes accompanying Fed. R. Evid. 701; *see also Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004). In distinguishing lay and expert knowledge, the Advisory Committee that proposed the 2000 amendments explained –

> [t]he amendment incorporates the distinctions set forth in State v. Brown, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on 'special knowledge.' In Brown, the court declared that the distinction between law and expert witness testimony is that lay testimony "results from a process or reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."

Advisory Committee's Notes accompanying Fed. R. Evid. 701; *see also W. Tenn. Chapter of Assoc. Builders and Contractors v. City of Memphis,* 219 F.R.D. 587, 591 (W.D. Tenn. 2004); *EEOC v. Oak-Rite Mfg. Co.*, 2001 WL 1168156 at *3 (S.D. Ind. 2001). Accordingly, the issue here is whether the selection of properties comparable to those at issue, as well as the various calculations made by Mr. Morton with respect to those properties, results from a process or reasoning "familiar in everyday life" or instead requires mastery of a specialized field.

The court finds the latter to be true. One looking for an indication of this need go no further than HUD Directive Number 95-12, which provides that when HUD determines comparable rents for other purposes, it must employ a "non-identity of interest, state certified, general appraiser" – a requirement that apparently derives from the fact that selecting comparable properties is a task ordinarily reserved for a qualified appraiser. Indeed, it is well-accepted that the selection of comparable properties requires knowledge of the critical characteristics of a given set of properties and how those characteristics are viewed in a given market, and that evidence on such matters ordinarily is produced through one shown to have the skills of an

---

[1] Moreover, while lay witnesses may testify as to perceptions acquired by them through review of records, those records must be prepared in the ordinary course of business. *See Allies Sys., Ltd. v. Teamsters Local 604*, 304 F.3d 785, 792 (8th Cir. 2002). And plainly some of the records reviewed by Mr. Morton were not prepared in the ordinary course of business, but rather in anticipation of further litigation in this matter.

appraiser and qualified to testify as an expert under Rule 702.[2] Testimony by a lay person on such subjects seemingly is inappropriate. *See Hidden Oaks v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (witness who regularly visited area of property in question to buy and sell properties for his employer was unqualified to testify as an expert in appraising property, since witness was not a licensed appraiser or real estate broker and lacked training or formal schooling in appraisal methods); *United States v. 75.12 Acres of Land*, 693 F.2d 813, 815-16 (8th Cir. 1982) (qualified experts may "testify that in their judgment certain other sales were comparable to the property in question"); *see also* Advisory Committee's Notes accompanying Fed. R. Evid. 701 (noting that an appraiser is an expert). Moreover, it should not be overlooked that, in his declaration, Mr. Morton effectively answers hypothetical questions about what comparable rents would have been during the years in question – answering such conditional questions is also generally reserved for experts qualified under Rule 702.[3]

For these reasons, it would appear that the evidence can only be offered through a qualified expert under Rule 702. A contrary ruling, allowing defendant to offer this same testimony through a lay witness, would again thwart the purpose of Rule 701(c), namely, "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee's Notes accompanying Fed. R. Evid. 701; *see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.* 320 F. 3d 1213, 1222 (11th Cir. 2003).

To be sure, courts have held that the 2000 amendments to Rule 701 do not "place any restrictions on the preamendment practice of allowing business owners or officers to testify based on particularized knowledge derived from their position." *DIJO*, 351 F.3d at 685 (quoting *Tex. A& M Research Found. v. Magna Transp., Inc*., 338 F.3d 394, 403 n. 12 (5th Cir. 2003)); *see also Tampa Bay Shipbuilding*, 320 F.3d at 1222-23; *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 265 (2d Cir. 1995). Obviously, it would not be a stretch to apply this rule to senior personnel at a Federal agency. But, the testimony offered by Mr. Morton is fundamentally different in that it involves extrapolations and judgments that, in the court's view, present sufficient reliability concerns to bring his testimony within the scope of Rule 702. *See*

---

[2] *See, e.g., Walcek v. United States*, 49 Fed. Cl. 248, 255-56 (2001), *aff'd*, 303 F.3d 1349 (Fed. Cir. 2002); *see also United States v. 60.14 Acres of Land*, 362 F.2d 660, 668 (3d Cir. 1966) ( "[T]he essential elements of the real estate expert's competency include his knowledge of the property and of the real estate market in which it is situated, as well as his evaluating skill and experience as an appraiser.").

[3] *See, e.g., Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 203-204 (4th Cir. 2000) (court erred in permitting lay witness to testify in form of responses to hypothetical or like questions that required specialized knowledge to answer); *Teen-Ed, Inc. v. Kimball Int'l, Inc*., 620 F.2d 399, 404 (3d Cir. 1980) ("essential difference" between lay witness testifying under Fed. R. Evid. 701 and qualified expert testifying under Fed. R. Evid. 702 is that "qualified expert may answer hypothetical questions").

*Baumgart*, 2003 WL 22520034 at *3; *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 2003 WL 22284326 at *3 (N.D. Ill. Oct. 2, 2003); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1274 (M.D. Ala. 2001). Accordingly, because defendant has made no attempt to portray Mr. Morton as an expert, and since HUD's own directive suggests that the study of comparables is not within the scope of its own employees' expertise, this court is unwilling to allow Mr. Morton to present evidence that seems better suited to be presented by someone properly qualified as an expert and, if so presented, would be subject to the reliability requirements embodied by Rule 702 of the Federal Rules of Evidence. *See generally, Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150-51 (1999).

Because Mr. Morton's declaration would be inadmissible as evidence under Rule 701 of the Federal Rules of Evidence, it is not properly includible under RCFC 56(e) as an exhibit to defendant's motion for summary judgment. Accordingly, plaintiff's motion to strike is hereby **GRANTED** and all references to Mr. Morton's declaration in the defendant's briefs will likewise be stricken.[4]

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

[4] It should be noted that, in the court's view, the proper scope of the pending summary judgment motions is only to resolve which damage theories are legally appropriate here. In many ways, Mr. Morton's declaration goes well beyond this limited scope and seemingly seeks to resolve the ultimate question of what plaintiff can and cannot recover. In the court's view, were the court to consider his declaration, the nature of the conclusions he reaches, not to mention the methodology he employed to arrive there, almost certainly would raise factual questions ill-suited for resolution in a summary judgment context. The court takes no position as to whether defendant at a future trial might employ Mr. Morton as an expert; this assumes, of course, that his testimony would meet appropriate procedural and evidentiary requirements, *see, e.g.*, RCFC 26(a)(2) and Fed. R. Evid. 702.