# In the United States Court of Federal Claims

Nos. 01-46C, 01-251C, 01-416C

(Filed: June 22, 2004)

CUYAHOGA METROPOLITAN HOUSING AUTHORITY,
Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

Oral argument on the parties' cross-motions for summary judgment was held in this case on June 18, 2004. At the close of the proceedings, the court indicated to the parties that further briefing in this matter would be required on the following issues.

1. At oral argument, plaintiff argued that the 1994 Amendment and the 1995 Housing and Urban Development (HUD) Directive that followed will occasion a new breach of contract for each year in which HUD does not follow the rent increase methodology prescribed by the original contract. The result apparently would be that plaintiff would accumulate breach claims over time, to be resolved by this court not only in this case, but in future cases. The court wishes additional authority supporting or rejecting this proposition as a matter of general damages law and, if possible, in terms of whether the repudiation of a contract by legislation results in a series of breaches or in a single breach marked, at the latest, by the time of filing suit. To that end, both parties are directed to discuss the potential applicability of the Restatement (Second) of Judgments §§ 24 and 26(1) and *Tennessee Valley Authority v. United States*, 2004 WL 1211893 (June 2, 2004) to this case.

2. Conversely, at oral argument, defendant argued that the 1994 Amendment and the 1995 HUD Directive were fully applicable to plaintiff, thereby requiring plaintiff to have complied in the past,

and to comply in the future, with the requirements for rent adjustments set out in the Amendment and Directive in order to recover any damages. The court wishes additional authority supporting or rejecting this contention, specifically focusing on whether the specific provisions of legislation that repudiate a prior contract are enforceable in determining damages for a breach and, if so, under what circumstances (*e.g.*, does it make a difference whether a provision effectuated the breach or whether it adopts a new requirement unrelated to the breach). Relatedly, the court wishes additional authority supporting or rejecting the contention that even after a breach, the injured party is required to comply with the Federal legislation that effectuated that breach.

3. The parties are directed to reframe the issue in this case in general contract terms and to support their contentions regarding what are appropriate damages here through reference to the various Restatements, as well as state law. In this context, the court is interested in cases dealing with how damages are calculated where the breaching party, by virtue of his breach, puts himself in a position where he can no longer regulate the contract price under the terms of the original agreement.

4. Finally, at oral argument, plaintiff argued that it was entitled to rent adjustments that did not result in a "material difference" between adjusted rents and comparable unadjusted market rents. Plaintiff indicated that the "material difference" threshold of 120 percent of the comparable rent plus initial difference is not only a ceiling that cannot be exceeded, but also a floor on the rent to which it is entitled. The parties shall provide cases supporting or refuting this contention, focusing, in particular, on the rationale, programmatic or otherwise, that supports or refutes using the 120 percent threshold as a floor.

Accordingly, on or before July 22, 2004, the parties simultaneously shall file briefs of no more than thirty pages regarding the matters detailed below. On or before August 23, 2004, the parties shall file simultaneously reply briefs not exceeding twenty pages..

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge